Argued December 12, decided December 30, 1913.

## GRIFFITH *v.* KLAMATH WATER ASSN.

### (137 Pac. 226.)

**Waters and Watercourses—Irrigation—Water Users' Association.**

1. A by-law of an association of water users under an irrigation project, not organized for profit, providing that revenues shall be raised by assessment against shares of stock appurtenant to land for which water is available from the canals of the project, is valid, and the directors of the association cannot levy an assessment against shares appurtenant to land for which water is not available.

**Corporations—"By-laws"—Validity.**

2. A "by-law" of a private corporation is a permanent rule of action adopted by the stockholders, in accordance with which the corporate affairs are to be conducted, and it should not conflict with the statute or charter nor with the vested rights of stockholders, and it must operate equally on all persons of the class it is intended to govern.

From Klamath: HENRY L. BENSON, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a suit by S. H. Griffith to restrain the collection of a certain assessment .levied by the Klamath Water Users' Association against certain lands of the plaintiff which are included in his stock subscription and contract. It is shown by the complaint that the plaintiff is the owner of certain lands within the Klamath irrigation project; that on June 14, 1905, he executed a certain stock subscription and contract (a copy of which is annexed to the complaint), which was accepted by the defendant, which shares of stock are appurtenant to plaintiff's lands; that Section 1 of Article IV of the by-laws of the corporation reads as follows: ''Revenues necessary for the accomplishment of the purposes of this association shall be raised by an assessment from time to time against the shares of stock thereof appurtenant to land for which water is available from the canals of the Klamath project.'' The complaint further alleges: ''That the real estate herein described and owned by this plaintiff and to which said shares of stock are appurtenant is not land for which water is or has at any time set forth herein been available from the canals of the Klamath project.'' That on the 17th day of February, 1912, the directors of defendant imposed an assessment of 10 cents per share on plaintiff's shares of stock, ignoring said by-law, and that said shares of stock were not assessable under said by-law.

Defendant demurred to the complaint. The trial court overruled the demurrer and, the defendant failing to further plead, entered a decree in favor of plaintiff as prayed for in the complaint. From this decree defendant appeals.                                        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Irwin.*

For respondent there was a brief over the name of *Messrs. Kuykendall & Ferguson,* with an oral argument by *Mr. D. V. Kuykendall.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It appears that the United States requires that the land owners of the different reclamation projects form some sort of organization with which the government can deal conveniently, instead of having to deal with each individual land owner. The association is not organized for profit, nor does it follow any commercial pursuits. The assessment in question was for the expenses of the association. The defendant questions the validity of the by-law quoted above upon the ground that the burden of the corporation must fall on each shareholder alike.

The stock subscription contract of plaintiff stipulates that no payment of shares of capital stock of the association shall be required except the amount paid to the United States for a water right; and that when all payments requisite for such right shall have been made, and proper evidence of the perfection of such water right has been issued, the subscriber's stock shall be deemed to have been fully paid up, and, until fully paid, the payments due thereon shall be a lien on the land and shares. The contract further provides that assessments shall become, from time to time as they are made and levied, a lien on the land and the shares of stock, and that the manner of enforcing said lien shall be by foreclosure. It is claimed by counsel for defendant that the by-law in question is in conflict with the provision in the contract relating to assessments, but it does not appear from the face of the complaint that there is any such conflict. The contract does not provide a definite time when a shareholder shall become liable for assessments for expenses, and it is very

appropriate that a time should be fixed by the by-law which in effect designates that such time shall be when water for the land is available from the project. It provides for two classes of stockholders, one class for whose land water is available, and the other for whose land water is not available. It was proper for the association to provide in its by-laws what portion of the burden of expenses each class should bear. In so far as the record shows, this by-law meets with the approval of the Department of the Interior of the United States and is not inequitable nor unreasonable.

2. A by-law of a private corporation is a permanent rule of action adopted by the stockholders, in accordance with which the corporate affairs are to be conducted. By-laws should not conflict with the statute or charter. They must not interfere with the vested and substantial rights of the stockholders and must operate equally upon all persons of the class which they are intended to govern: 1 Cook, Corp. (6 ed.), § 4a; 10 Cyc. 355, 356. The by-law in question directs the internal affairs of the association. No outside party appears to be interested therein, and the association has no capital to be impaired. The case at bar differs from that of *Willis* v. *Nehalem Coal Co.,* 52 Or. 70 (96 Pac. 528), and other cases cited by defendant's counsel. The proper mode of procedure, as far as suggested by the record, there being no answer, would be to amend the by-law if it is not satisfactory. By its terms the stockholders have agreed among themselves as to the manner of raising the revenues of the association. No reason is shown why the same should be ignored by the directors. Under the plain provision of this by-law of the association, the directors were not authorized to levy the assessment of which complaint is made.

The demurrer to the complaint was properly overruled. The judgment of the lower court is therefore affirmed.                                                   AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.